34 F.3d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bobby C. CLIFFORD, Plaintiff-Appellant,
v.
Edward MADIGAN, Secretary of Agriculture, et al., Defendants,
William G. Jennings; Ray O. Sexton, Defendants-Appellees.
 No. 94-5286.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1994.
 
 1
 Before: MARTIN and SUHRHEINRICH, Circuit Judges, and JORDAN, District Judge.*
 
 ORDER
 
 2
 Bobby C. Clifton appeals a district court order granting summary judgment for two defendants named in this civil rights action filed under 42 U.S.C. Secs. 1981, 1983, 1985, 1986, 2000d, and 2000e. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Clifford filed his complaint in the district court alleging that nineteen named defendants conspired to have him fired from his job as a District Conservationist with the federal government because of plaintiff's race. Defendants Jennings and Sexton (appellees herein) moved to dismiss the complaint as barred by the applicable statute of limitations, and plaintiff responded in opposition. Because these defendants submitted affidavits in support of their motion to dismiss, the district court treated their motion as one for summary judgment pursuant to Fed.R.Civ.P. 12(b) and granted summary judgment for defendants Jennings and Sexton. In addition, the district court's order granted summary judgment for one other defendant and dismissed plaintiff's complaint with respect to five more defendants.
 
 
 4
 Ultimately, Jennings and Sexton moved the district court to certify its order for immediate appeal pursuant to Fed.R.Civ.P. 54(b) insofar as it granted them summary judgment. Plaintiff responded in opposition, and the district court granted defendants' motion to direct entry of judgment. Plaintiff filed a timely notice of appeal. On appeal, plaintiff contends that his complaint is not barred by the applicable statute of limitations because his claim did not accrue until the decision to terminate his employment became final.
 
 
 5
 First, it is noted that jurisdiction before this court is proper. The district court's latest order certifying for immediate appeal its grant of summary judgment for these defendants is supported with a reasoned statement and evaluation of the factors relevant to a Fed.R.Civ.P. 54(b) determination. See Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 61 n. 2 (6th Cir.1986). Accordingly, this court has appellate jurisdiction to review the grant of summary judgment.
 
 
 6
 Generally, a grant of summary judgment will be reviewed de novo on appeal. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). As noted by the district court, plaintiff's cause of action accrued no later than November 16, 1990. See Dixon v. Anderson, 928 F.2d 212, 215 (6th Cir.1991); Conlin v. Blanchard, 890 F.2d 811, 815 (6th Cir.1989). Plaintiff did not file his complaint until April 6, 1992, beyond the one-year limitations period applicable to his claims provided under Tenn.Code.Ann. Sec. 28-3-104(a)(3). See Sevier v. Turner, 742 F.2d 262, 272 (6th Cir.1984).
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Leon Jordan, U.S. District Judge for the Eastern District of Tennessee, sitting by designation